IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-20569
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CAROL DENISE RICHARDSON; ESKICO TRUMAN GARNER

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-323-2

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Defendant-Appellant Carol Denise Richardson was found guilty of one count of conspiring to possess crack cocaine with intent to distribute and two counts of possessing crack cocaine with intent to distribute. The district court sentenced her to serve life in prison. Eskico Truman Garner was found guilty of one count of conspiring to possess crack cocaine with intent to distribute and five counts of possessing crack cocaine with intent to distribute. The district court sentenced him to serve 405 months in prison. Richardson and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garner both appeal their sentences. Richardson argues that her life sentence is improper because it was based on facts concerning her prior convictions that were neither admitted by her nor found by a jury. This argument is foreclosed. See Harris v. United States, 536 U.S. 545, 565 (2002); Apprendi v. New Jersey, 530 U.S.466, 490 (2000).

Garner argues that the district court erred by determining that he was a leader of the offense and by sentencing him in accordance with this finding. The record shows, inter alia, that Garner conducted drug transactions, manufactured crack cocaine, and directed the actions of other individuals who were involved with the offense. The record also shows that at least five people were involved with the offense. In light of these facts, the district court's determination that Garner was a leader of the offense is plausible. The district court's imposition of the disputed adjustment thus is not clearly erroneous. See United States v. Villanueva, 408 F.3d 193, 204 (5th Cir. 2005); United States v. Cooper, 274 F.3d 230, 238 (5th Cir. 2001). Garner's challenge to the presumption of reasonableness afforded to a sentence that falls within the pertinent guidelines range is foreclosed. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Richardson and Garner have shown no error. Consequently, the judgments of the district court are
AFFIRMED.